IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| J. CORMAN FAMILY LIMITED PARTNERSHIP #4, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-16-1213-R |
| Devon Energy Production Company, L.P., | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Defendant's Motion for Judgment on the Pleadings as to certain claims. [Doc. 17]. Defendant argues that Plaintiff's Complaint, [Doc. 1], fails to plausibly state a claim for relief on Count 2 (Breach of Fiduciary Duties), Count 4 (Injunctive Relief), and Count 5 (Attorney Fees). In response, Plaintiff withdrew Count 2. [Doc. 18]. Defendant's Motion is GRANTED with respect to Counts 2 and 4, and DENIED with respect to Count 5.

### I. Standard of Review

Defendant's "motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6)." *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160 (10th Cir. 2000). In deciding a 12(b)(6) motion to dismiss for failure to state a claim, the Court considers whether, per Rule 8(a)(2)'s pleading requirements, the complaint contains a "short and plain statement of the claim showing that the pleader is

1

entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (internal quotation omitted). Further, the Court "must accept all the well-pleaded allegations of the complaint . . . and must construe them in the light most favorable to the [non-moving party]." *Thomas v. Kaven*, 765 F.3d 1183, 1190 (10th Cir. 2014).

## II. Injunctive Relief

Defendant moves for judgment on Count 4 (Injunctive Relief). Plaintiff argues that injunctive relief is different from damages and declaratory judgment because an injunction would force Defendant to account and credit Plaintiff prospectively in keeping with the Court's order. Defendant fails to state a plausible claim for injunctive relief.

An injunction is "an extraordinary remedy." *Dowell v. Pletcher*, 304 P.3d 457, 460 (Okla. 2013). "The right to injunctive relief must be established by clear and convincing evidence and the nature of the injury must not be nominal, theoretical, or speculative." *Edwards v. Bd. of Cty. Comm'rs of Canadian Cty.*, 378 P.3d 54, 59 (Okla. 2015) (citing *Dowell*, 304 P.3d at 460; *Sharp v. 251st Street Landfill, Inc.*, 925 P.2d 546, 549 (Okla. 1996)). Moreover, if "a plaintiff's injury 'may be compensated by an award of monetary damages then an adequate remedy at law exists.'" *Combs v. Shelter Mut. Ins. Co.*, 551 F.3d 991, 1002 (10th Cir. 2008) (quoting *Coxcom, Inc. v. Oklahoma Secondary Schools Athletic Ass'n,* 143 P.3d 525, 529 (2006)).

This is an ideal case for monetary damages. Plaintiff alleges that Defendant has violated—and continues to violate—a Joint Operating Agreement ("JOA") on gas and liquids. Plaintiff further argues that an injunction is necessary to preserve the "right to begin receiving payments at the point of payout." [Doc. 18]. Plaintiff fails to demonstrate why damages, let alone declaratory judgment (Count 3), would be insufficient. A monetary judgment and declaratory relief would remedy past injuries and order correct and timely accounting and payment, thereby preventing future injury. Injunctive relief, meanwhile, would only be appropriate if damages were inadequate. Any allegation that Defendant would continue to breach the parties' JOA after a monetary or declaratory judgment orders otherwise is purely speculative. *See Oklahoma Pub. Employees Ass'n v. Oklahoma Dep't of Cent. Servs.*, 55 P.3d 1072, 1081 (Okla. 2002) ("An injunction is used to prevent future misconduct, but an injunction should be denied when the expectation of future wrongdoing is too speculative to form the basis for issuing an injunction."). To the contrary, Plaintiff has a "plain, speedy, and adequate remedy at law." *Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1242 (10th Cir. 2006) (quoting *Powell Briscoe, Inc. v. Peters*, 269 P.2d 787, 791 (Okla. 1954)). Injunctive relief is an extraordinary remedy that should only be ordered when necessary. Therefore, Plaintiff's Count 4 fails to state a plausible claim for relief. This is without prejudice to Plaintiff's later ability to present this claim.

### III. Attorney's Fees

Defendant also moves for judgment on Count 5 (Attorney's Fees). Plaintiff argues that attorney's fees are available under OKLA. STAT. tit. 12, §§ 928, 936. [Doc. 18]. The Court denies Defendant's motion for judgment on Count 5 on two grounds. First, the

3

motion is premature. Only a prevailing party is entitled to attorney's fees. See OKLA. STAT. tit. 12, § 928 ("Costs shall be allowed of course to the plaintiff, upon a judgment in his favor . . . ."); § 936 ("[T]he prevailing party shall be allowed a reasonable attorney fee to be set by the court."). The court has yet to make such a judgment. Second, a motion for judgment on the pleadings is an improper way to dispute a requested remedy, which is separate from the cause of action.[1] *See Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 901 (10th Cir. 2011) ("It is well settled that the prayer for relief is no[t] part of the cause of action.") (quoting *Daniels v. Thomas*, 225 F.2d 795, 797 (10th Cir. 1955)); *Lee v. ConocoPhillips Co.*, No. CIV-14-1391-D, 2016 WL 7496143, at *4–5 (W.D. Okla. Dec. 30, 2016) (declining to dismiss attorney's fee prayer for relief at 12(b)(6) stage). Therefore, Defendant's Motion for Judgment on Count 5 is premature and denied.

Given Plaintiff's withdrawal of Count 2 and the above findings, Defendant's Motion is GRANTED with respect to Counts 2 and 4, and DENIED with respect to Count 5.

IT IS SO ORDERED this 13th day of September, 2017.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] While merits review is inappropriate at this time, the Court advises that an attorney's fees award requires an express statutory grant. *See Baker Botts L.L.P. v. ASARCO LLC*, 135 S. Ct. 2158, 2164 (2015); *Kay v. Venezuelan Sun Oil Co.*, 806 P.2d 648, 650 (Okla. 1991) ("[T]he mandatory provisions of § 936 that the prevailing party . . . shall be allowed a reasonable attorney fee are strictly applied."). Moreover, § 928 is a cost-awarding statute that does not provide for attorney's fees. *See Kay*, 806 P.2d at 650 ("Under Oklahoma law, attorney's fees are not synonymous with costs."); *Harlow Corp. v. Bryant Exploration & Prod. Co.*, 816 P.2d 1154, 1155 (Okla. Ct. App. 1991) ("We find 12 O.S. 1981 § 928 would provide no authority for award of attorney fees . . . because it authorizes only 'costs.'").